LOCKE LORD BISSELL & LIDDELL LLP
Matthew B. McClendon (SBN 256031)
mmcclendon@lockelord.com
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071
Telephone: (213) 485-1500
Facsimile: (213) 485-1200

Attorneys for Defendants
MORTGAGE ELECTRONIC REGISTRATION
SYSTEMS, INC.; GMAC MORTGAGE, LLC; and
EXECUTIVE TRUSTEE SERVICES, LLC
(incorrectly sued as ETS SERVICES, LLC)

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABEL SUAREZ and PETRA SUAREZ, | Case No. CV 09-02303 DDP (JCx) |
| Plaintiffs, | Hon. Dean D. Pregerson |
| vs. | **DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES** |
| MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. a Corporation of Delaware; GMAC MORTGAGE, LLC, a Limited Liability Company, f/k/a GMAC MORTGAGE CORPORATION; ETS SERVICES, LLC, a Limited Liability Company; DOES 1 through 50, Inclusive, | Date: May 11, 2009<br>Time: 10:00 a.m.<br>Place: Courtroom 3<br><br>[Proposed] Order Filed Concurrently Herewith |
| Defendants. | |

i
DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS
Suarez v. Mortgage Electronic Registration Systems, Inc., et al., Case No. CV 09-2303 DDP (JCx)

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that on May 11, 2009 at 10:00 a.m., or as soon thereafter as the matter may be heard in the above-titled Court, Defendants Mortgage Electronic Registration Systems, Inc. ("MERS"), GMAC Mortgage, LLC ("GMACM"), and Executive Trustee Services, LLC ("Executive Trustee") (collectively, the "Defendants") will bring for hearing before the Honorable Dean D. Pregerson, United States District Judge, in Courtroom 3 of the United States Courthouse located at 312 N. Spring St., Los Angeles, California 90012, their Motion to Dismiss the Complaint.

Defendants move to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) on grounds that Plaintiffs' Complaint fails to state claims against Defendants upon which relief may be granted. This Motion is based on this Notice of Motion and Motion, the incorporated Memorandum of Points and Authorities, any additional documents filed concurrently herewith, the pleadings, papers and records on file in this action, and such oral argument as may be presented at the time of the hearing.

This Motion is made following Defendants' counsel's Local Rule 7-3 conference with Plaintiffs' counsel.[1]

Dated: April 13, 2009

LOCKE LORD BISSELL & LIDDELL LLP

By: /s/ Matthew B. McClendon
  Matthew B. McClendon

Attorney for Defendants
MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; GMAC MORTGAGE, LLC; EXECUTIVE TRUSTEE SERVICES, LLC (incorrectly sued as ETS SERVICES, LLC)

---

[1] See Declaration of Matthew B. McClendon regarding Local Rule 7-3 meeting with Plaintiffs' counsel, Freddie Vega.

ii

# TABLE OF CONTENTS

I. INTRODUCTION .................................................................................. 1

II. ARGUMENT ........................................................................................ 2

    A. APPLICABLE LEGAL STANDARD ............................................. 2

    B. PLAINTIFFS' CLAIM FOR DECLARATORY RELIEF (COUNT ONE) IS INADEQUATELY PLED AND FUNDAMENTALLY FLAWED ........................................... 3

    C. PLAINTIFFS' REQUEST TO SET ASIDE NOTICES OF DEFAULT AND SALE (COUNT TWO) FAILS BECAUSE THERE IS NO LEGAL OBLIGATION TO POSSESS THE ORIGINAL NOTE ............................................................. 6

    D. PLAINTIFFS' EQUITABLE CLAIMS (COUNTS TWO-SIX) FAIL BECAUSE PLAINTIFFS HAVE AN ADEQUATE REMEDY AT LAW AND HAVE NOT ALLEGED THE REQUISITE FACTS ............................................................. 7

    E. PLAINTIFFS' CLAIM TO QUIET TITLE FAILS BECAUSE THE COMPLAINT IS NOT VERIFIED AND DOES NOT PLEAD THE ELEMENTS OF A CLAIM TO QUIET TITLE ... 9

    F. PLAINTIFFS' "CLAIMS" FOR ACCOUNTING AND DAMAGES (COUNTS FIVE AND SEVEN) FAIL BECAUSE THEY ARE REMEDIES RATHER THAN CAUSES OF ACTION ............................................................. 10

    G. EXECUTIVE TRUSTEE CANNOT BE LIABLE IN ANY EVENT BECAUSE ITS ACTIONS ARE SUBJECT TO THE LITIGATION PRIVILEGE ............................................................. 11

III. CONCLUSION .................................................................................. 12

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

## TABLE OF POINTS AND AUTHORITIES

*Federal Cases*

*Balistreri v. Pacifica Police Dep't*,
   901 F.2d 696, 699 (9th Cir. 1990)..................................................................2

*Bell Atlantic Corp. v. Twombly*,
   550 U.S. 544, 127 S. Ct. 1955, 1964-65 (2007).............................................2

*Candelo v. NDEX West, LLC*,
   No. CV F 08-1916 LJO (DLB), 2008 U.S. Dist. LEXIS 105926
   (E.D. Cal. Dec. 23, 2008)................................................................................7

*Chavez v. Reconstruct Co.*,
   No. CV F 08-18642008 U.S. Dist. LEXIS 104060 (E.D. Cal. Dec. 11, 2008) ..........9

*Ines v. Countrywide Home Loans, Inc.*,
   2009 WL 690108 (S.D. Cal. Mar. 12, 2009).................................................10

*Lopez v. Smith*,
   203 F.3d 1122, 1130 (9th Cir. 2000)..............................................................2

*Metcalf v. Drexel Lending Group*,
   Case No. 08-CV-00731 W (POR), 2008 WL 4748134 (S.D. Oct. 29, 2008).............5

*Power & Irrigation Co. v. Capay Ditch Co.*,
   226 F. 634, 640 (9th Cir. 1915)......................................................................8

*Quintos v. Decision One Mortgage Co., LLC*,
   No. 08-CV-1757 JM (POR), 2008 U.S. Dist. LEXIS 104503
   (S.D. Cal. Dec. 29, 2008)................................................................................6

*San Diego Home Solutions, Inc. v. Reconstrust Co.*,
   No. 08-cv-1970 L (AJB), 2008 U.S. Dist. LEXIS 99684
   (S.D. Cal. Dec. 10, 2008)................................................................................6

*Silvas v. E*Trade*,
   514 F.3d 1001, 1007 (9th Cir. 2008)..............................................................5

*State Cases*

*Aguilar v. Bocci*,
   39 Cal.App.3d 475, 477 (1974).......................................................................9

iv

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS
Suarez v. Mortgage Electronic Registration Systems, Inc., et al., Case No. CV 09-2303 DDP (JCx)

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

*Ball v. FleetBosten Fin. Corp.*,
   164 Cal. App. 4th 794, 800 (2008)..................................................................3, 4

*Batt v. City and County of San Francisco*,
   155 Cal. App. 4th 65, 82 (2007)..............................................................3, 8, 10

*County of San Diego v. State*,
   164 Cal. App. 4th 580 (2008).............................................................................5

*Dills v. Delira Corp.*,
   145 Cal. App. 2d 124, 129 (1956).....................................................................3

*Duggall v. G.E. Capital Comm. Servs., Inc.*,
   81 Cal. App. 4th 81, 95 (2000).........................................................................10

*Garretson v. Post*,
   156 Cal. App. 4th 1508, 1518 (2007).................................................................11

*Glue-Fold, Inc. v. Slautterback Corp.*,
   82 Cal. App. 4th 1018, 1023 n.3 (2000)............................................................3

*Karlsen v. American Savings and Loan Assoc.*,
   15 Cal. App. 3d 112, 117 (1971).......................................................................9

*Marsh v. Edelstein*,
   9 Cal. App. 3d 132 (1970)..................................................................................8

*Moeller v. Lien*,
   25 Cal. App. 4th 822, 834 (1994)......................................................................7

*Residential Capital v. Cal-Western Reconveyance Corp.*,
   108 Cal. App. 4th 807, 826 (2003)....................................................................7

*Shimpones v. Stickney*,
   219 Cal. 637, 649 (1934)....................................................................................9


**<u>Federal Statutes</u>**

15 U.S.C §§ 1601-1667f................................................................................................4

15 U.S.C. §§ 41-58........................................................................................................4

Federal Rule of Civil Procedure 12(b)(6)..............................................................ii, 2

v

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS
Suarez v. Mortgage Electronic Registration Systems, Inc., et al., Case No. CV 09-2303 DDP (JCx)

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

### *State Statutes*

Cal. Civ. Code § 47 ...................................................................................................... 11

Cal. Civ. Code § 1486 ..................................................................................................... 9

Cal. Civ. Code § 1493 ..................................................................................................... 9

Cal. Civ. Code § 1494 ..................................................................................................... 9

Cal. Civ. Code § 1495 ..................................................................................................... 9

Cal. Civ. Code § 1632 ............................................................................................. 3, 5, 6

Cal. Civ. Code § 1632(b)(2) ........................................................................................... 5

Cal. Civ. Code § 1632(k) ................................................................................................ 5

Cal. Civ. Code § 2924 ..................................................................................................... 7

Cal. Civ. Code § 2924(d) .............................................................................................. 11

Cal. Civ. Code §§ 2924-2924*l* ...................................................................................... 7

Cal. Civ. Proc. Code § 761.020 .................................................................................... 10

California Financial Code § 4970 .................................................................................. 3

### *Federal Regulations*

12 CFR 226.23(a)(3) ....................................................................................................... 4

5 WITKIN, SUMMARY OF CAL. LAW Ch. IX § 561 (10th ed. 2005) ............................... 11

vi

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS
Suarez v. Mortgage Electronic Registration Systems, Inc., et al., Case No. CV 09-2303 DDP (JCx)

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

This lawsuit is the latest case in a rash of cases filed against the mortgage industry in the State of California based on borrowers' inability to repay mortgage loans and their desperate efforts to stave off foreclosure by retaining lawyers who take money from those borrowers with nothing more than a promise that they can stave off foreclosure for a short period of time.[2] Plaintiffs, like others who have inundated this Court and other courts in this district and throughout the state, filed this lawsuit to improperly impede a legitimate non-judicial foreclosure. Defendant GMAC Mortgage, LLC ("GMACM") is alleged to be the original lender and is the current servicer of Plaintiff's mortgage loan. Defendant Mortgage Electronic Registration Systems, Inc. ("MERS") is the beneficiary of the Deed of Trust, as nominee for the original lender and its successors and assigns. Executive Trustee Services, LLC ("Executive Trustee") is the trustee on the deed of trust.

After Plaintiffs defaulted on their repayment obligations, Executive Trustee commenced a non-judicial foreclosure pursuant to sections 2924-2924*l* of the California Civil Code. Plaintiffs and their counsel, Freddie Vega, then brought this meritless and frivolous lawsuit in bad-faith for the sole purpose of delaying that foreclosure.[3]

---

[2] Counsel for Plaintiff, Freddie Vega has engaged in a pattern and practice of filing identical boilerplate allegations, including *Peraza v. Chase Home Finance, LLC, et al.*, CV 09-1769 PSG (RZx); *Romero, et al. v. CitiMortgage Inc., et al.*, CV 09-1793 RGK (RZx); *Ponce v. Homecomings Financial, LLC et al.*, CV 09-2304 PSG (AJWx). A full list of all actions presently involving Freddie Vega as counsel of record in identical complaints can be provided to this Court upon request.

[3] The net effect of Plaintiff's actions is that Plaintiff remains in the home without making any payments on her mortgage loan. In fact, Mr. Vega has explicitly advertised that defaulted borrowers can stay in their homes for up to three years while making "no payments to the bank." See Exhibit 1 of Defendants' Request for Judicial Notice. Several firms, including Mr. Vega's firm, have established a cottage industry of using frivolous litigation as a means of delaying foreclosures in exchange for a fee.

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

Notably, although Plaintiffs' Complaint sounds entirely in equity, nowhere do they assert that they have satisfied their repayment obligations or that they are ***not*** in material default under the relevant contracts. Nor do they indicate any ability, or even willingness, to return the hundreds of thousands of dollars they admit GMACM advanced to them if they somehow obtain the equitable relief they purport to seek— *e.g.*, "cancellation" of the entire loan transaction. Instead, Plaintiffs raise specious "equitable" claims in a boilerplate manner and asks that their repayment obligations simply be forgiven. As the basis for this relief, Plaintiffs allege breach of purported legal obligations that do not even exist. At bottom, Plaintiffs concede that they have not articulated any viable cause of action, but asks the Court to let them undertake discovery in order to ***find*** a claim. (Compl. ¶ 19).

Under Federal Rule of Civil Procedure 12(b)(6), dismissal is proper when the plaintiff either lacks a "cognizable legal theory" or where there is a "legally cognizable" right but the plaintiff fails to allege sufficient facts to support the claim. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1964-65 (2007). Because Plaintiffs' Complaint fails in both regards, it should be dismissed in its entirety. Moreover, because no law supports Plaintiffs' underlying legal theories, dismissal with prejudice is appropriate. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (dismissal with prejudice is proper when pleading defects cannot be cured with additional factual allegations).

## II.     ARGUMENT

### A.     APPLICABLE LEGAL STANDARD

When a plaintiff's complaint fails to provide grounds for entitlement to relief, it must be dismissed. *Twombly*, 127 S. Ct. at 1964-65; *see also Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A complaint containing mere "labels and conclusions," or a "formulaic recitation of the elements of a cause of action" will not suffice to overcome a motion to dismiss. *Twombly*, 127 S. Ct. at 1964-65. Thus, a

plaintiff must allege *facts*—not just legal terminology or stock conclusions—that if proven would entitle plaintiff to the relief requested.

Plaintiffs here assert a cause of action for "Declaratory Relief," as well as various other equitable claims (*i.e.*, "Set Aside Notice of Trustee's Sale," "Cancellation of Instruments," "Quiet Title to Real Property," "Accounting" and "Injunctive Relief."), and, finally, a so-called cause of action for "Damages." Yet, the Complaint itself is generally void of any facts necessary to support these formulaic requests for relief or to evaluate the basis for the claims asserted against Defendants. Plaintiffs' Complaint is wholly insufficient and should be dismissed.

### B. PLAINTIFFS' CLAIM FOR DECLARATORY RELIEF (COUNT ONE) IS INADEQUATELY PLED AND FUNDAMENTALLY FLAWED.

Plaintiffs' first cause of action is for declaratory relief. Declaratory relief is not an independent cause of action, but instead a form of equitable relief. *Batt v. City and County of San Francisco*, 155 Cal. App. 4th 65, 82 (2007); see also *Dills v. Delira Corp.*, 145 Cal. App. 2d 124, 129 (1956). Equitable remedies "are dependent upon a substantive basis for liability, [and] they have no separate viability" if all the Plaintiffs' other claims fail. *Glue-Fold, Inc. v. Slautterback Corp.*, 82 Cal. App. 4th 1018, 1023 n.3 (2000). Thus, a motion to dismiss is properly granted as to a claim for declaratory relief when that claim for declaratory relief is wholly derivative of other non-viable causes of action. *See Ball v. FleetBosten Fin. Corp.*, 164 Cal. App. 4th 794, 800 (2008).

Plaintiffs' declaratory relief is nothing more than their attempt to rescind their mortgage loan and stop the non-judicial foreclosure process. Thus, Plaintiffs seek a judicial declaration that the Note, Deed of Trust, Notice of Default, and Notice of Trustee's Sale are somehow voidable and unenforceable because defendants violated: (1) California Civil Code § 1632; (2) California Financial Code § 4970, et seq.; and (3) a host of federal statutes. However, it is simply impossible to discern

3

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS
Suarez v. Mortgage Electronic Registration Systems, Inc., et al., Case No. CV 09-2303 DDP (JCx)

exactly what declaration Plaintiffs want from this Court, or on what legal basis they believes they are entitled to it (whatever it is). No specific declaration is identified in the paragraphs of Count One itself, or anywhere else in the Complaint. The closest Plaintiffs come is to pray for "judgment declaring the duties, rights and obligations of the parties to this action." (Compl. p. 15). Plaintiffs fail to articulate any cognizable basis for such a declaration (again, whatever it is), and merely lists a collection of state and federal statutes that they contends were somehow violated by GMACM, and/or Executive Trustee, and/or MERS. Indeed, Plaintiffs admit that they have not pled facts to establish any specific statutory violation, but asks the Court to let them look for one:

> Plaintiffs' (sic) are informed and believe and based thereon allege that the original lender of "HOMECOMINGS", its successors in interest by agency, assignment by appointment, being current beneficiary of its servicing agent, have engaged in deceptive loan practices with respect to Plaintiffs' (sic), in knowing violation of the Home Ownership Equity Protection Act ("HOEPA"), 15 U.S.C., Section 1637, and the Truth In Lending Action [sic] ("TILA"), 15 U.S.C Section 1601-1667f, and Federal Reserve, Regulation-Z, 12 CFR 226.23(a)(3), and the Federal Trade Commission Act ("FTC"), 15 U.S.C. Sections 41-58. *The full details of these violations is presently unknown to Plaintiffs' (sic), however, when these facts are ascertained through discovery and investigation, this complaint will be amended with leave of court to allege to those facts.*

(*Id.* ¶ 18) (emphasis added). This paragraph, one of several like it in the Complaint, provides a clear example of Plaintiffs' unapologetic and acknowledged failure to allege the requisite facts to support their claims. *See Ball v. FleetBoston Financial Corp.*, 164 Cal. App. 4th 794, 800 (2008) (affirming rejection of claim for declaratory relief based on alleged statutory violation where court concluded that underlying statutory violation was inadequately pled). Plaintiffs don't really know if they have any basis for a claim, but as long as they recorded a Notice of Pendency of Action and the defendants are forced to litigate, they don't have to pay their mortgage loan.

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

Moreover, Count One is fundamentally defective because declaratory relief operates *prospectively* to prevent harms that may occur in the future, not as a mechanism to redress past wrongs (*i.e.*, alleged statutory violations). *See Metcalf v. Drexel Lending Group*, Case No. 08-CV-00731 W (POR), 2008 WL 4748134 (S.D. Oct. 29, 2008) ("The purpose of a declaratory judgment is to set controversies at rest before they cause harm to the plaintiff, not to remedy harms that have already occurred."). Here, Plaintiffs *appear* to seek a declaration that GMACM or "its successors in interest by agency, assignment by appointment, being current beneficiary of its servicing agent" somehow violated, *inter alia*, HOEPA, TILA and/or the FTCA in connection with her loan transaction. (Compl. ¶ 18). However, the appropriate vehicle for addressing alleged statutory violations in the *past* is to bring a cause of action under the relevant statutory framework. Plaintiffs may not employ a claim for declaratory relief as a means to alter or expand the remedies afforded by a comprehensive statutory framework such as TILA. *See Silvas v. E*Trade*, 514 F.3d 1001, 1007 (9th Cir. 2008). Declaratory relief is simply not the appropriate vehicle to address such claims and Count One should be dismissed without leave to amend.

Plaintiffs' attempt to seek declaratory relief also alleges violations of California Civil Code § 1632. However, Civil Code § 1632 does not apply to Plaintiffs' loan.

Civil Code § 1632(b)(2) explicitly exempts Plaintiffs' loan since it applies only to "[a] loan or extension of credit secured *other than by real property*, or unsecured, for use primarily for personal, family or household purposes." (emphasis added). For this reason, Plaintiffs cannot rely upon Civil Code § 1632. Furthermore, even if Plaintiffs were able to allege a violation of § 1632, they would only be entitled to rescission, and would have to tender the amount due and owing under the loan. *See* Cal. Civ. Code § 1632(k). Plaintiffs have not alleged that they offered to tender or are capable of tendering the amount due under the loan. As such, they

cannot rescind the loan under Civil Code § 1632 and have failed to state a cause of action.

For these reasons, Plaintiffs have failed to set forth a viable cause of action for declaratory relief. Count One should be dismissed with prejudice.

### C. PLAINTIFFS' REQUEST TO SET ASIDE NOTICES OF DEFAULT AND SALE (COUNT TWO) FAILS BECAUSE THERE IS NO LEGAL OBLIGATION TO POSSESS THE ORIGINAL NOTE.

Count Two of Plaintiffs' Complaint, seeking to "Set Aside Notice of Trustee's Sale & Notice of Default," should also be dismissed because it is based upon a theory that is not supported by any authority. Plaintiffs seek to set aside the non-judicial foreclosure because Defendants purportedly are not "in the possession of the <u>original Promissory Notes</u>." (Compl. ¶ 27) (underlining in original). As an initial matter, it is difficult to conceive what good-faith basis Plaintiffs have to make this allegation. If Plaintiffs merely want to confirm that the owner of the Note for whom GMACM services is in actual possession of the original note, that can be easily arranged. That issue aside, however, there is simply no requirement under California law that Defendants be in actual physical possession of an original note before instituting a non-judicial foreclosure. As this Court is aware, numerous district courts in California considering complaints advancing identical claims have recently confirmed what was already apparent—that "California law does not require that the original note be in the possession of the party initiating non-judicial foreclosure." *See, e.g., San Diego Home Solutions, Inc. v. Reconstrust Co.*, No. 08-cv-1970 L (AJB), 2008 U.S. Dist. LEXIS 99684, *5 (S.D. Cal. Dec. 10, 2008); *Quintos v. Decision One Mortgage Co., LLC*, No. 08-CV-1757 JM (POR), 2008 U.S. Dist. LEXIS 104503, *7-8 (S.D. Cal. Dec. 29, 2008) ("[U]nder California law, an 'allegation that [the foreclosing entity] did not have the original note or had not

received it is insufficient to render the foreclosure proceeding invalid.'"); *see also* Cal. Civ. Code § 2924.

Plaintiffs' attempt to read additional requirements into the law must be rejected. Sections 2924 to 2924*l* of the California Civil Code set forth a "comprehensive statutory framework established to govern nonjudicial foreclosure sales." *Moeller v. Lien*, 25 Cal. App. 4th 822, 834 (1994). These provisions are "intended to be exhaustive." *Id*.; *see also Residential Capital v. Cal-Western Reconveyance Corp.*, 108 Cal. App. 4th 807, 826 (2003). "No requirement exists under the statutory framework to produce the original note to initiate non-judicial foreclosure." *Candelo v. NDEX West, LLC*, No. CV F 08-1916 LJO (DLB), 2008 U.S. Dist. LEXIS 105926, *12 (E.D. Cal. Dec. 23, 2008). Indeed, nothing in sections 2924 through 2924*l* requires the foreclosing parties to present an original of the note upon demand at *any* stage in the proceeding. Cal. Civ. Code §§ 2924-2924*l*.

Because the legal theory upon which the claim is predicated finds no support under California law, Count Two should also be dismissed with prejudice.

### D. PLAINTIFFS' EQUITABLE CLAIMS (COUNTS TWO-SIX) FAIL BECAUSE PLAINTIFFS HAVE AN ADEQUATE REMEDY AT LAW AND HAVE NOT ALLEGED THE REQUISITE FACTS.

In addition to the defect in Count Two discussed above, this claim, along with Counts Three through Six of Plaintiffs' Complaint, should all be dismissed because the facts alleged do not give rise to claims in equity.

Counts Two ("Set Aside Notice of Trustee's Sale"), Three ("Cancellation of Instruments"), Four ("Quiet Title to Real Property"), Five ("Accounting"), and Six ("Injunctive Relief") all seek equitable relief. However, Plaintiffs' Complaint merely alleges, in conclusory fashion, that the underlying transaction is somehow tainted by purported statutory violations. (*See, e.g.*, Compl. ¶¶ 18, 30 (referencing the Promissory Notes, Deeds of Trust and default and sale notices and asserting that "[a]ll such documents, as progeny of multiple violations of law are therefore void

and unenforceable...")). Even if Plaintiffs' allegations were true (they are not), while they may give rise to claims under the statutes themselves, they do not give rise to any right of equitable relief. Plaintiffs may not seek to employ an equitable remedy where a remedy at law is afforded by a comprehensive statutory framework such as TILA. *See Batt v. City and County of San Francisco*, 155 Cal. App. 4th 65, 82 (2007) ("Because there is an adequate remedy at law, no tool of equity can be used to subvert or evade that remedy."); *Marsh v. Edelstein*, 9 Cal. App. 3d 132 (1970) ("For a court of equity to decree title...under the circumstances here shown, would constitute a new remedy....While equitable relief is flexible and expanding, its power cannot be intruded in matters that are plain and fully covered by positive statute, nor will a court of equity lend its aid to accomplish by indirection what the law or its clearly defined policy forbids to be done directly.").

Moreover, through their so-called equitable claims, Plaintiffs purport to seek rescission of the Promissory Notes and Deeds of Trust and to void the documents that obligate them to repay the money they received from GMACM. In essence, Plaintiffs are asking the Court to undo the transactions and give them the subject property free and clear of any debt obligation. Apparently they seek a "free house" based on their belief that Defendants were required to be in actual physical possession of their original note when they commenced the non-judicial foreclosure but were not in actual physical possession of the original note.[4] Not only is this a flawed and incorrect understanding of the law (and facts), but it would certainly not be equitable.

Additionally, it is well settled that one who seeks equity must do equity. *See, e.g., Power & Irrigation Co. v. Capay Ditch Co.*, 226 F. 634, 640 (9th Cir. 1915). "The law is long established that a [party] must tender the obligation in full as a prerequisite to challenge a foreclosure sale." *Chavez v. Reconstruct Co.*, No. CV F

---

[4] What Plaintiff truly seeks is delay in the completion of foreclosure and leverage in a negotiation for a loan modification.

8

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS
Suarez v. Mortgage Electronic Registration Systems, Inc., et al., Case No. CV 09-2303 DDP (JCx)

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

08-1864, 2008 U.S. Dist. LEXIS 104060, at *16 (E.D. Cal. Dec. 11, 2208) (citation omitted); *Aguilar v. Bocci*, 39 Cal.App.3d 475, 477 (1974) (holding that a trustor cannot "quiet title without discharging his debt. The cloud upon his title persists until the debt is paid"). Furthermore, tender must have been made in good-faith; the party making the tender must have the ability to perform; and the tender must have been unconditional. *See* Miller & Starr, California Real Estate (3rd Ed. 1989) 10 Deeds of Trust § 12:212, pp. 658-59; Cal. Civ. Code §§ 1486 (full performance), 1493 (good faith), 1494 (unconditional) and 1495 (offeror must have ability to perform). Absent allegations of Plaintiffs' tender of the amounts borrowed, or an ***immediate*** ability and willingness to do so, the Complaint fails to state a cause of action for any form of equitable relief. *Karlsen v. American Savings and Loan Assoc.*, 15 Cal. App. 3d 112, 117 (1971). Thus, even if Plaintiff had otherwise alleged sufficient grounds to quiet title (Count Four) and bar any further action against the property by Defendants, Plaintiffs must be prepared to tender the money they borrowed and affirmatively allege their ability to do so. *Id.* (holding that plaintiff's failure to tender payment owed under the note bar the requested injunctive relief); *Shimpones v. Stickney*, 219 Cal. 637, 649 (1934) (illustrating the proposition that a "mortgagor cannot quiet his title against the mortgagee without paying the debt secured").

Plaintiffs have failed to allege repayment of the loan balance or an immediate ability to do so. Therefore, Plaintiffs have not pled a claim for any form of equitable relief, and Counts Two through Six must be dismissed.

### E.  PLAINTIFFS' CLAIM TO QUIET TITLE FAILS BECAUSE THE COMPLAINT IS NOT VERIFIED AND DOES NOT PLEAD THE ELEMENTS OF A CLAIM TO QUIET TITLE

To state a claim to quiet title, a complaint ***must be verified*** and include (1) a legal description of the property and its street address or common designation, (2) the title of the plaintiff and the basis of the title, (3) ***the adverse claims to the title of the***

*plaintiff*, (4) ***the date as of which the determination is sought***, and (5) a prayer for the determination of the title of the plaintiff against the adverse claims. Cal. Civ. Proc. Code § 761.020; *see Ines v. Countrywide Home Loans, Inc.*, 2009 WL 690108 (S.D. Cal. Mar. 12, 2009) (dismissing claim to quiet title were the complaint was not verified and did not allege the date as of which the determination was sought).

    Plaintiffs' Complaint does not identify the date as of which the determination is sought, or specify which of the several defendants named in the Complaint are asserting an adverse claim to the property. Furthermore, the Complaint is not verified. Accordingly, Plaintiffs fail to state a claim for quiet title and it must be dismissed.

### F. PLAINTIFFS' "CLAIMS" FOR ACCOUNTING AND DAMAGES (COUNTS FIVE AND SEVEN) FAIL BECAUSE THEY ARE REMEDIES RATHER THAN CAUSES OF ACTION.

    In addition to the reasons for dismissal of Count Five explained above, Plaintiffs' so-called "cause of action" for "Accounting" should be stricken or dismissed because it is not a cause of action at all, but rather a remedy. *See Batt*, 155 Cal. App. 4th at 82 (noting that an accounting is "not an independent cause of action but merely a type of remedy") (internal quotations omitted); *Duggall v. G.E. Capital Comm. Servs., Inc.*, 81 Cal. App. 4th 81, 95 (2000) ("The right to an accounting is derivative and depends on the validity of a plaintiff's underlying claims.").

    The same is true of Plaintiffs' purported cause of action for "Damages" (Count Seven). There is no stand-alone cause of action for "damages" under California law. To the extent Plaintiffs seek damages, they must first articulate some viable cause of action that allows for the recovery of damages and allege facts to support that claim. Plaintiffs cannot simply ask for damages without identifying the basis for their right to such relief. Since Plaintiffs have failed to assert viable claims or allege the requisite facts to support those claims, there is no independent basis for damages and Count Seven should be dismissed.

### G. EXECUTIVE TRUSTEE CANNOT BE LIABLE IN ANY EVENT BECAUSE ITS ACTIONS ARE SUBJECT TO THE LITIGATION PRIVILEGE.

In addition to the factual and legal deficiencies discussed above, Plaintiffs' claims are also defective as against Executive Trustee because the actions of a trustee in foreclosing on a deed of trust are protected by the litigation privilege. *See* Cal. Civ. Code § 2924(d) (stating that the mailing of required notices and performance of the functions and procedures necessary to carry out the duties of a trustee on a deed of trust "constitute privileged communications"). The litigation privilege acts as a limitation on Executive Trustee's liability in connection with the performance of its duties as trustee. *See* Cal. Civ. Code § 47; 5 WITKIN, SUMMARY OF CAL. LAW Ch. IX § 561 (10th ed. 2005).

Plaintiffs allege that Executive Trustee's liability stems from its actions in connection with the Notice of Trustee's Sale and otherwise proceeding towards the non-judicial foreclosure. All of Executive Trustee's actions that Plaintiffs allege were unlawful are, therefore, protected by the litigation privilege and cannot give rise to any liability. *See Garretson v. Post*, 156 Cal. App. 4th 1508, 1518 (2007) (noting that the "rationale for extending the litigation privilege . . . to nonjudicial foreclosures was to protect trustees in the performance of their contractual and statutory duties"). As a result, regardless of how the Court rules on the issues addressed above, the claims asserted against Executive Trustee must be dismissed.

///
///
///
///
///
///
///

### III.  CONCLUSION

For the foregoing reasons, GMACM, Executive Trustee, and MERS respectfully request that this Court grant their Motion to Dismiss with prejudice and grant such other and further relief as it deems just and proper. A Proposed Order granting the relief sought herein has been filed concurrently with this Motion.

Dated: April 13, 2009                         LOCKE LORD BISSELL & LIDDELL LLP

By: /s/ Matthew B. McClendon
      Matthew B. McClendon

Attorney for Defendants
MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; GMAC MORTGAGE, LLC; EXECUTIVE TRUSTEE SERVICES, LLC (incorrectly sued as ETS SERVICES, LLC)

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

## CERTIFICATE OF SERVICE

I, Matthew B. McClendon, an attorney, do hereby certify that on April 13, 2009, I caused a copy of the foregoing DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES to be served by the method so indicated below upon the following parties:

Freddie Vega
Law Office of F. Vernon Vega
317 N. Euclid Ave, Suite-I
Ontario, California 91762

*Via U.S. Mail, postage prepaid.*

Dated: April 13, 2009                    By:   /s/ Matthew B. McClendon
                                               Matthew B. McClendon

621508v.1

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071